IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TRAVIS NICODEMUS GRADY, | ) C/A No. 0:21-CV-01923-DCN-PJG |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| WARDEN OF FEDERAL | ) |
| CORRECTIONAL INSTITUTION - | ) |
| BENNETTSVILLE, | ) |
| Respondent. | ) |

**REPLY IN SUPPORT OF MOTION TO DISMISS HABEAS PETITION OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 only where 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Courts, like the Fourth Circuit, that allow defendants to challenge their conviction or sentence under § 2241 in certain limited circumstances "have focused on the . . . fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, *has no source of redress*." *Id.* at 333 n.3 (emphasis added) (citing *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997); *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997)).

There is no such fundamental defect in this case. Petitioner Travis Nicodemus Grady's but-for causation claim has twice been considered—and rejected—by his court of conviction.[1] In November 2014, Grady moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255,

---

[1] In September 2021, the Fourth Circuit heard oral argument in *Slusser v. Vereen*, No. 19-7482 (4th Cir. Docketed Oct. 15, 2019), an appeal from a habeas petition dismissed by a court in this District for lack of jurisdiction where the defendant had unsuccessfully raised his habeas claim in a § 2255 motion. As of the date of this filing, no opinion has been issued.

1

arguing that under the Supreme Court's decision in *Burrage v. United States*, 571 U.S. 204 (2014), his conviction and sentence for distribution of heroin resulting in serious bodily injury had to be vacated because the victim had multiple substances in her system. Dkt. No. 20-8 (Exhibit G). The Western District of Virginia directly addressed his *Burrage* claim, holding:

> [Grady] presents no evidence showing that the alcohol or narcotics were an intervening cause of [the victim's] serious bodily injury. Grady's argument fails because *the court finds that evidence supports Grady's conviction even under the 'but for' causation test mandated by Burrage*. At his guilty plea hearing, Grady agreed that [the victim's] overdose was 'the direct result of her heroin use that came from Mr. Grady.' Thus, unlike the defendant in *Burrage*, Grady admitted in the guilty plea colloquy that [the victim's] bodily injury resulted from the heroin he distributed, and Grady is bound by his representations.

*United States v. Grady*, No. 5:10-cr-2, 2015 WL 4773236, at *3 (W.D. Va. Aug. 12, 2015) (internal citation omitted) (emphasis added).[2]

In July 2017, Grady filed a motion to reconsider the district court's order denying his § 2255 motion, noting that the Fifth and Seventh Circuits had recently declared *Burrage* to be retroactively applicable on collateral review. Dkt. No. 20-11 (Exhibit J). The district court denied this motion, too, holding that, even if *Burrage* applies retroactively, "Grady's motion seeking reconsideration of his prior § 2255 must be denied, nevertheless, *because th[e] court also held that Grady's claim under Burrage lacked merit*." Dkt. No. 20-12 (Exhibit K) at 2 (emphasis

---

[2] Grady's contention that the Western District of Virginia "flip[ped] the *Burrage* standard on its head" by requiring Grady to produce evidence showing other drugs intervened in the victim's overdose, *see* Dkt. No. 28 at 7 n.5, misunderstands the nature of habeas review. "Once the defendant's chance to appeal has been waived or exhausted," courts are "entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." *United States v. Frady*, 456 U.S. 152, 164 (1982). "[A] presumption of regularity attaches, and the burden shifts to the defendant to produce evidence that his rights were infringed or some procedural irregularity occurred in the earlier proceeding." *Parke v. Raley*, 506 U.S. 20, 24 (1992); *see also Clayton v. Haynes*, 517 F.3d 577, 578 (4th Cir. 1975) ("The burden of showing a substantial constitutional deprivation is upon the petitioner in a habeas corpus proceeding.").

added). Citing its earlier order, the court noted it "previously found that the evidence in Grady's case supported his conviction under [*Burrage*'s] 'but for' causation test." *Id.*

Attempting to escape the conclusion that his petition seeks to resurrect a claim that has already been rejected by his court of conviction, Grady now repackages his argument as one brought for the first time under *Young v. Antonelli*, 982 F.3d 914 (4th Cir. 2020). He argues "*Young* fundamentally changed the claim that Mr. Grady brings in this § 2241 petition." Dkt. No. 28 at 9. But *Young* did not create or recognize a new test that could be applied in Grady's case. It announced no new legal standard. It merely held that "*Burrage*'s statutory interpretation applies equally to § 2D1.1(a) of the Sentencing Guidelines in place prior to [*United States v.*] *Booker*[, 543 U.S. 220 (2005)]." *Young*, 982 F.3d at 920. This holding does not provide Grady an avenue to escape from the Western District of Virginia's conclusion that the *Burrage* but-for causation standard was satisfied in his case. Under any formulation, Grady cannot show § 2255 is inadequate or ineffective to test the legality of his detention, and his habeas petition must be dismissed for lack of subject-matter jurisdiction.[3]

### I.  GRADY'S CLAIM IS PROPERLY CONSTRUED AS A CHALLENGE TO HIS CONVICTION, AND IT FAILS AT THE FIRST AND SECOND *JONES* PRONGS.

In *Burrage*, the Supreme Court held that because the "death results" enhancement in 21 U.S.C. § 841(b)(1)(C) increases the minimum and maximum sentences to which a defendant is exposed, "it is an element that must be submitted to the jury and found beyond a reasonable doubt." 571 U.S. at 210. Grady argues that the Government failed to prove this element of his crime of conviction. *See* Dkt. No. 12-1 at 8. He thus challenges his conviction, not his sentence.

---

[3] A full statement of the facts and the Warden's arguments are set forth in the memorandum supporting the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. *See* Dkt. No. 20-1.

Grady does not address *Burrage*'s "essential element" holding. Instead, he relies on *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), *Braswell v. Smith*, 952 F.3d 441 (4th Cir. 2020), and *Ham v. Breckon*, 994 F.3d 682 (4th Cir. 2021), to argue his claim should be construed as a challenge to a statutory sentencing enhancement controlled by *Wheeler*. But in *Wheeler* and *Braswell*, the petitioners sought relief from sentences enhanced based on prior drug convictions under 21 U.S.C. § 851, *Wheeler*, 886 F.3d at 419–20; , *Braswell*, 952 F.3d at 444–45, and in *Ham*, the petitioner sought relief from an enhanced mandatory minimum under the Armed Career Criminal Act based on prior felony convictions, 994 F.3d at 685. The sentence enhancements in all three cases were based only on prior convictions, and the fact of these prior convictions need not be submitted to a jury and proved beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increase the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury, and proved beyond a reasonable doubt."). The *Burrage* but-for causation requirement, by contrast, is an essential element of a conviction for distribution of a controlled substance resulting in death or serious bodily injury under 21 U.S.C. § 841(b)(1)(C). *See Burrage*, 571 U.S. at 210. Grady's claim is therefore properly construed as a challenge to his conviction.

A challenge to a prisoner's conviction may proceed under § 2241 when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Grady cannot satisfy the first or second *Jones* prongs, and his claim must be dismissed.

> **A. Grady's claim fails at the first *Jones* prong because he cannot show his but-for causation claim was foreclosed at the time of his conviction.**

4

Grady cannot satisfy the first *Jones* prong because he cannot show his but-for causation claim was foreclosed when he was convicted in 2010. As explained in the memorandum in support of the Warden's Motion to Dismiss, Dkt. No. 20-1, Section II.A.1, the footnote Grady cites in *United States v. Patterson*, 38 F.3d 139, 144 n.6 (4th Cir. 1994), did not hold that causation "was satisfied as long as the distributed drug was a *contributing* factor of the victim's serious bodily injury," *see* Dkt. No. 12-1 at 10 (emphasis in original). The footnote explains that the amount of morphine in the victim's body was not at a fatal level, but the district court determined that the morphine "could have had an additive effect in combination with the meperidine." *Patterson*, 38 F.3d at 144 n.6. Because Patterson pleaded guilty to distributing both morphine and meperidine resulting in death, and the concentration of meperidine was at a fatal level, the Fourth Circuit affirmed the district court's finding that the victim's death resulting from the drugs Patterson distributed. *Id.* at 144. The footnote's marginal comment about morphine "will not bear the heavy weight" Grady has placed on it. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 477 (1998) ("The *Moitie* footnote, however, was a marginal comment and will not bear the heavy weight lower courts have placed on it."). It does not, as Grady claims, hold that a "death results" enhancement under § 841(b)(1)(C) could be imposed where the distributed drug is merely a contributing factor.

Between *Patterson* and Grady's conviction, the Fourth Circuit issued several conflicting unpublished opinions regarding the "death results" causation standard. *See United States v. Schnippel*, 317 F. App'x 418, 419 (4th Cir. 2010) (unpublished) (holding to establish beyond a reasonable doubt that death or serious bodily injury resulted from the use of heroin the defendant distributed, "the Government must show that the victim's use of the heroin received from [the defendant] was a but for cause of her death"); *United States v. McIver*, 470 F.3d 550, 565 (4th Cir. 2006) (affirming distribution resulting in death conviction and finding sufficient evidence that the victim died from the drugs the defendant prescribed where the victim "died as a result of an

5

oxycodone overdose" *and* "the amount of oxycodone in his system at the time of death was consistent with the amount prescribed by" the defendant); *United States v. Harris*, 225 F.3d 656, 2000 WL 1008840, at *1 (4th Cir. 2000) (unpublished) (Table) (holding § 841(b)(1)(C) "does not suggest that [the controlled substance] must be the sole cause of death or serious bodily injury").

Grady argues *McIver* and *Schnippel* are either distinguishable or unreliable, Dkt. No. 28 at 6, but like *Patterson* and *Harris*, they were decided by three-judge panels from the Fourth Circuit, and they demonstrate that there was no settled causation standard for distribution offenses resulting in death or serious bodily injury before *Burrage*.

Contrary to Grady's claims, *Young* does not establish that Fourth Circuit law was settled before *Burrage*. *Young* made a passing observation that "*Burrage* changed the law as to a statutory provision" but not as to the corollary Sentencing Guidelines provision. 982 F.3d at 918. The parties did not dispute whether settled Fourth Circuit law established the legality of the petitioner's conviction before *Burrage*, and the court "simply observ[ed] what was not challenged." *See United States v. McLeod*, 808 F.3d 972, 977 (4th Cir. 2015) (holding "the government can draw little comfort from [the] passing observation" in a previous case that statutory language tracked the generic definition of burglary). In fact, *Young* explicitly stated its analysis was "restrict[ed]" to the second *Wheeler* prong. 982 F.3d at 917 n.3. *Young* had no occasion to address whether the Fourth Circuit permitted a statutory "death results" enhancement to apply based on something less than but-for causation before *Burrage*.

After *Young* was decided, however, the Fourth Circuit made clear in *Marlowe v. Warden, FCI Hazelton*, 6 F.4th 562, 564 (4th Cir. 2021), that to satisfy the first *Jones* prong—that at the time of conviction, settled circuit or Supreme Court law established the legality of the petitioner's conviction—"a prisoner must show that binding precedent previously foreclosed the argument he later presses to collaterally attack his conviction." As explained above, Grady cannot make this

6

showing. No binding precedent foreclosed Grady's but-for causation claim when he was convicted in 2010, and he therefore cannot satisfy *Jones*' first prong.

> **B. Grady's claim fails at the second *Jones* prong because he cannot show settled law changed *after* his appeal and first § 2255 motion or that the conduct of which he was convicted is no longer criminal.**

Grady cannot satisfy either portion of the second *Jones* prong. *See In re Jones*, 226 F.3d at 333. First, he cannot show settled law changed after his appeal and first § 2255 motion because Grady raised his *Burrage* claim in his first § 2255 motion and in his motion to reconsider its denial.[4] Second, he cannot show his distribution of heroin to the victim, which he admitted resulted in her overdose, is no longer sufficient to sustain a "death results" enhancement in light of *Burrage*.

*Hahn v. Moseley*, 931 F.3 295 (4th Cir. 2019), does not help Grady show the conduct of which he was convicted is no longer criminal. In *Hahn*, the petitioner was charged with and convicted of two separate violations of 18 U.S.C. § 924(c) "based on a single gun collection that the police discovered at his home on a single day." *Id.* at 298, 303. His conviction was affirmed on appeal and his first § 2255 motion was denied because precedent in his circuit of conviction allowed multiple § 924(c) convictions as long as the charges did not violate the Double Jeopardy Clause. *Id.* at 302. But circuit precedent later changed, requiring the Government to prove that there was no Double Jeopardy violation *and* that there was a separate use, carry, or possession for each § 924(c) charge. *Id.* The Fourth Circuit held the petitioner satisfied the second *Jones* prong because this "new statutory framework" was a "substantive change in the law [that] occur[ed] after the prisoner's direct appeal and first § 2255 motion." *Id.* at 302–03.

Grady argues his conduct is no longer criminal because § 841(b)(1)(C) has been narrowed, and now "those who contributed to death or serious bodily injury, but not but-for caused it, could

---

[4] This argument is more fully addressed more fully in Section II.B.

no longer be subjected to that particular enhancement." *See* Dkt. No. 28 at 13. But that holding came from *Burrage*, which was decided *before* Grady filed his first § 2255 motion. *See Burrage*, 571 U.S. at 218–19. His claim that "[i]t was not until the point of retroactivity in *Young* that this change in the substantive law took place for Mr. Grady," Dkt. No. 28 at 14, is flatly incorrect.[5] *Young* merely held *Burrage*'s but-for causation standard as to the statutory provision also applies to the mandatory Guidelines. *See Young*, 982 F.3d at 919. It did not address the statutory provision or the advisory Guidelines under which Grady was sentenced. *Young* did not narrow Grady's liability under § 841(b)(1)(C) or create a new legal standard that could be applied to his case.

Grady's challenge to his conviction fails at the first and second *Jones* prongs, and his petition must be dismissed for lack of subject-matter jurisdiction.

## II.    CONSTRUED AS A CHALLENGE TO HIS SENTENCE, GRADY'S CLAIM FAILS AT THE FIRST, SECOND, AND FOURTH *WHEELER* PRONGS.

Section 2255 is inadequate or ineffective to test the legality of a sentence when:

(1) at the time of the sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

---

[5] Grady also erroneously argues that he "admitted only that the serious bodily injury in this case 'resulted from' the heroin," which he claims is "precisely the language that *Burrage* called into question." *See* Dkt. No. 28 at 8 n.8. During the change-of-plea hearing, the Government stated, "the defendant does not contest that he gave her the heroin that she overdosed on. He just disagrees with who injected her." Dkt. No. 20-5 (Exhibit D) at 15:8–10. The court asked Grady, "Mr. Grady, has he accurately stated the disagreement that you have?" Grady responded, "Yes, sir." *Id.* at 15:18–24. After Grady agreed that he distributed the heroin and "as a result of that, [the victim] suffered serious bodily injury," *id.* at 15:25–16:4, the Government stated, "I suppose for the record it should be clear that based upon my conversation with medical personnel, her overdose, *her serious bodily injury, was the direct result of her heroin use that came from Mr. Grady.*" *Id.* at 16:12–15 (emphasis added). Grady told the court he did not have "any reason to disagree with that." *Id.* at 16:16–21.

*United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018). Grady satisfies only the third *Wheeler* requirement, and his claim must be dismissed.

### A. Grady's claim fails at the first *Wheeler* prong because he cannot show his *Burrage* claim was foreclosed at the time of sentencing.

Grady's contention that § 841(b)(1)(C) requires but-for causation was not foreclosed at the time of his conviction or sentencing. For the same reasons his claim fails at the first *Jones* prong, *see* Section II.A, Grady cannot satisfy the first *Wheeler* prong, and the Court lacks jurisdiction to consider his petition.

### B. Grady's claim fails at the second *Wheeler* prong because he cannot show settled law changed *after* his appeal and first § 2255 motion.

Grady cannot show settled Circuit law changed after his direct appeal and first § 2255 motion because his claim was ruled on—and rejected—in his § 2255 motion. Grady seems to concede this point, arguing that the rulings on his prior § 2255 motion and § 2241 petition should be "disregarded as dicta" or otherwise ignored because they "misapplied *Burrage*." Dkt. No. 28 at 8. Neither claim is availing.

First, although the Fourth Circuit did not hold *Burrage* applied retroactively to the pre-*Booker* Guidelines until *Young*, the Western District of Virginia dedicated an entire portion of its order denying Grady's § 2255 motion to *Burrage*'s holding, and it made clear it was considering *Burrage*'s but-for causation test in rejecting Grady's claim on the merits. *Grady*, 2015 WL 4773236, at *3–4. It considered *Burrage* because the issue was raised by Grady and fully briefed by the parties. *Young* provides no basis to disregard the court of conviction's conclusion that Grady's conviction complied with *Burrage*.

Second, the Western District of Virginia did not misapply *Burrage*. As the court explained, *Burrage* requires the Government "to establish that death or serious bodily injury resulted from

drug distribution." *Id.* at 3. The Government "must meet a 'but for' causation test, *i.e.*, that 'but for' the drug which a defendant distributed, the overdose victim would not have died or suffered bodily harm." *Id.* (citing *Burrage*, 134 S.Ct. at 888–92). That is the test the Western District of Virginia applied in 2015, *id.*, and it is the same test Grady asks this Court to apply now, *see* Dkt. No. 12-1 at 8. The order denying Grady's § 2255 motion states, "the court finds that evidence supports Grady's conviction even under the 'but for' causation test mandated by *Burrage*. At his guilty plea hearing, Grady agreed that [the victim's] overdose was 'the direct result of her heroin use that came from Mr. Grady.'" *Grady*, 2015 WL 4773236, at *3. *Wheeler* is not an avenue for this Court to reconsider that conclusion. Courts within this District have repeatedly held prisoners may not use habeas petitions "to overrule the sentencing court, which has already considered and rejected Petitioner's claims relating to the underlying validity of his convictions and sentence." *Hernandez-Vilar v. Antonelli*, No. 5:18-cv-183-MGL-KDW, 2018 WL 1320238, at *2 (D.S.C. Feb. 14, 2018), *adopted*, 2018 WL 1124399 (D.S.C. Mar. 1, 2018); *see also Lindsey v. Dobbs*, No. 2:20-cv-3653-HMH-MGB, at *3 (D.S.C. Dec. 10, 2020), *adopted*, 2021 WL 75162 (D.S.C. Jan. 8, 2021).

Grady's contention that "without a retroactive holding, Mr. Grady's claim could not have been adequately tested on his prior motions," Dkt. No. 28 at 10, fails twice over. First, Grady technically still does not have a retroactive holding. *Young* limited its holding that *Burrage* applies retroactively to the pre-*Booker*, mandatory Guidelines scheme, 982 F.3d at 916, 920, but Grady was sentenced under the *advisory* Guidelines. Second, as noted above, the Western District of Virginia has twice held that, even if *Burrage* applies retroactively, it did not render Grady's guilty plea invalid. *See Grady*, 2015 WL 4773236, at *3–4; *see also* Dkt. No. 20-12 (Exhibit K) at 2.

Grady's argument that *Braswell v. Smith*, 952 F.3d 441 (4th Cir. 2020), is indistinguishable because "[u]ntil the point of retroactivity, it is simply not possible for a court to effectively consider

10

a petitioner's habeas claim," Dkt. No. 28 at 10, therefore also fails. In *Braswell*, although the petitioner could have cited to the change in law in his first § 2255 motion, "the state of the law at the time precluded him from using it in his favor." 952 F.3d at 449. And in *Wheeler*, the Fourth Circuit explained the petitioner raised a "*Simmons* type" claim in his § 2255 motion, but "the *Simmons* en banc decision itself could not have been invoked at that time because it did not exist." 886 F.3d at 429–30. Neither circumstance is present here. Grady raised a *Burrage* claim in his first § 2255 motion, and his court of conviction rejected it on the merits. Grady had a "meaningful opportunity" to challenge his conviction in a § 2255 motion. *See Boumediene v. Bush*, 553 U.S. 723, 779 (2008). He therefore cannot satisfy the second *Wheeler* prong, and his petition must be dismissed.

### C. Grady's claim fails at the fourth *Wheeler* prong because he cannot show *Burrage* renders his advisory Guidelines sentence fundamentally defective.

Grady cannot satisfy the fourth *Wheeler* prong because he cannot show any error in calculating his advisory Guidelines range rendered his sentence fundamentally defective. *See United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015).

To the extent Grady's claim can be construed as a standalone challenge to his statutory sentencing range, and the Court determines that challenge arises under *Wheeler* rather than *Jones*, the Government agrees that the increase in Grady's statutory penalties could constitute "an error sufficiently grave to be deemed a fundamental defect." *Wheeler*, 886 F.3d at 430–31.

Grady's challenge to his sentence fails at the first, second, and fourth *Wheeler* prongs, and his petition must be dismissed for lack of subject-matter jurisdiction.

### III. GRADY'S *BURRAGE* CLAIM HAS BEEN RAISED AND REJECTED, AND IT SHOULD BE DISMISSED AS AN ABUSE OF THE WRIT.

Under 28 U.S.C. § 2244,

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment or a

> court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Grady claims his *Burrage* claim is not an abuse of the writ because he could not have raised it in his earlier § 2255 motion and § 2241 petition. Dkt. No. 28 at 14. This ignores that he did make an identical *Burrage* claim twice in the Western District of Virginia and once in the Southern District of Indiana. *See Grady*, 2019 WL 1255486, at *3; *Grady*, 2015 WL 4773236, at *3; Dkt. No. 20-12 (Exhibit K) at 2; Dkt. No. 20-15 (Exhibit N) at 7. Grady has presented no reason beyond his disagreement with the Western District of Virginia that this Court should consider a claim that has thrice been unsuccessfully raised. His claim should be dismissed as an abuse of the writ.

## IV.  ALTERNATIVELY, GRADY'S CLAIM SHOULD BE DENIED BECAUSE IT WAS PROCEDURALLY DEFAULTED.

Should the Court determine it has jurisdiction to consider Grady's petition and his *Burrage* claim is not an abuse of the writ, it should deny the petition because Grady cannot show cause for his default of the claim and actual prejudice or demonstrate that he is actually innocent of the offense. *See Bousley v. United States*, 523 U.S. 614, 621–22 (1998).

Grady argues the legal basis for his but-for causation claim was "not reasonably available to counsel" when he was convicted in 2010, thus establishing cause for the default of his claim. Dkt. No. 28 at 16. But by 2010, there was a clear circuit split on § 841(b)(1)(C)'s causation standard. *See, e.g.*, *United States v. Hatfield*, 591 F.3d 945, 948 (7th Cir. 2010) (holding § 841(b)(1)(C) requires but-for causation); *United States v. Monnier*, 412 F.3d 859, 862 (8th Cir. 2005) (holding § 841(b)(1)(C) did not require proximate cause); *United States v. Robinson*, 167 F.3d 824, 831 (3d Cir. 1999) (holding § 841(b)(1)(C) did not incorporate common-law proximate cause concepts). And as discussed in Section II.A, the Fourth Circuit had not clearly resolved the

question. Grady therefore cannot show his but-for causation claim was not "available" at all, *see Smith v. Murray*, 477 U.S. 527, 537 (1986), and his default cannot be excused.

Nor has Grady shown actual prejudice or actual, factual innocence. The Western District of Virginia has twice concluded the Government satisfied the but-for causation standard in Grady's case. Grady is unable to excuse his procedural default by establishing either cause and prejudice or actual innocence, and to the extent the Court has jurisdiction to consider his *Burrage* claim under the savings clause, it should be denied.

## V.     CONCLUSION

Grady's *Burrage* claim has twice been considered and rejected by his court of conviction. His attempt to repackage it as one brought for the first time under *Young* is unpersuasive; *Young* did not create or endorse any new test that the district of conviction has not already applied to Grady's conviction. The Western District of Virginia has held *Burrage*'s but-for causation standard was satisfied, and Grady cannot use § 2241 to appeal that decision to this Court. Grady's § 2241 petition should be dismissed for lack of subject-matter jurisdiction.

                      Respectfully submitted,

                      M. RHETT DEHART
                      ACTING UNITED STATES ATTORNEY

                      By: */s/Kathleen Michelle Stoughton*
                      Kathleen Michelle Stoughton (# 12161)
                      Assistant United States Attorney
                      1441 Main Street, Suite 500
                      Columbia, SC 29201
                      Tel. (803) 929-3114
                      Fax (803) 254-2889
                      Email: Kathleen.Stoughton@usdoj.gov

November 8, 2021