IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| TRAVIS NICODEMUS GRADY, | ) | |
| | ) | |
| Petitioner, | ) | No. 0:21-1923-DCN-PJG |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WARDEN OF FEDERAL CORRECTIONAL INSTITUTION-BENNETSVILLE, | ) ) ) | |
| | ) | |
| Respondent. | ) ) | |

    This matter is before the court on United States Magistrate Judge Paige J. Gossett's report and recommendation ("R&R"), ECF No. 35, that the court grant respondent Warden of Federal Correctional Institution-Bennettsville's (the "Warden") motion to dismiss. ECF No. 20. For the reasons set forth below, the court adopts the R&R and grants the motion.

## I.  BACKGROUND

    The R&R ably recites the facts as stated in the complaint, and the parties do not object to the R&R's recitation thereof. Therefore, the court will only briefly summarize material facts as they appear in the R&R for the purpose of aiding an understanding of the court's legal analysis.

    Petitioner Travis Nicodemus Grady ("Grady"), a federal prisoner, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The following allegations are taken as true for purposes of resolving Warden's motion. Grady pled guilty pursuant to a written plea agreement in the United States District Court for the Western District of Virginia to knowingly and intentionally distributing a mixture and substance containing

1

heroin, with serious bodily injury resulting from the use of such substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  United States v. Grady, No. 5:10-cr-00002-EKD-1 (W.D. Va. 2010).  Grady's guilty plea was premised on Grady giving heroin to a woman who overdosed.  Because Grady agreed that serious bodily injury resulted from his distribution of the drugs, he faced an enhanced penalty under § 841(b)(1)(C)—the "death results" enhancement—which typically applies where the jury finds that death resulted from use of the distributed drug.  While there is dispute over whether Grady injected the victim with anything, it is undisputed that the heroin he distributed led to the overdose, which was all that was factually required to meet the enhanced penalty.  See ECF No. 20-5, Plea Hearing Tr. at 16.  The Western District of Virginia sentenced Grady to 262 months' imprisonment followed by three years of supervised release.

On June 25, 2021, Grady filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  On August 4, 2021, Grady filed an amended petition.  ECF No. 13, Amend. Pet.  Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), all pretrial proceedings in this case were referred to Magistrate Judge Gossett.  On October 1, 2021, Warden moved to dismiss the amended petition.  ECF No. 20.  Magistrate Judge Gossett filed the R&R, recommending the court grant Warden's motion to dismiss on December 6, 2021.  ECF No. 35.  Grady filed objections to the R&R on December 17, 2021, ECF No. 36, to which Warden replied on January 4, 2022.  ECF No. 38.  Warden also filed objections to the R&R on December 20, 2021.  ECF No. 37.  Grady did not respond to Warden's objections, and the time to do so has now expired.  As such, the matter is now ripe for the court's review.

## II.  STANDARD

### A.  Order on R&R

This court is charged with conducting a de novo review of any portion of the R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the R&R.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270–71 (1976).  However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings.  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a specific objection, the court reviews the R&R only for clear error.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

### B.  Rule 12(b)(1)

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the pleading fails to state facts upon which jurisdiction can be founded.  It is the petitioner's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines.  The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the [the

pleading] alone; (2) the [pleading] supplemented by undisputed facts evidenced in the record; or (3) the [pleading] supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

### C. Summary Judgment

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

### III.   DISCUSSION

Warden moved to dismiss or, in the alternative, for summary judgment on the basis of a lack of subject-matter jurisdiction because Grady cannot show 28 U.S.C.

4

§ 2255 is "inadequate or ineffective to test the legality of his detention." ECF No. 20 at 1. Warden also raises two alternate grounds for dismissal. Id. First, that Grady's claim is an abuse of the writ because two previous district courts have already considered and rejected his Burrage claim. Id. Second, that Grady's Burrage claim was procedurally defaulted because he did not raise the but-for causation claim before the sentencing court or on appeals, and he cannot show cause and prejudice or actual innocence to overcome his default. Id. The court agrees that this petition should be dismissed for lack of subject-matter jurisdiction, and does not reach either of Warden's alternate grounds for dismissal.

To analyze the legal merits of the parties' arguments, the court finds a review of those cases instructive. In the years since Grady's conviction and sentencing, the Supreme Court and the Fourth Circuit decided two cases that may retroactively impact Grady's conviction or sentence. See Burrage v. United States, 571 U.S. 204 (2014); Young v. Antonelli, 982 F.3d 914 (4th Cir. 2020). First, the Supreme Court ruled in Burrage that under § 841(b)(1)(C), the government must show that the defendant's distribution of the drug was a "but-for" cause of the victim's death or serious bodily injury where the use of the drug itself does not constitute an independently sufficient cause. Burrage, 571 U.S. at 218–19. In the wake of Burrage, Grady unsuccessfully sought to have his sentence vacated, set aside, or corrected through multiple § 2255 and § 2241 petitions. See United States v. Grady, 2015 WL 4773236 (W.D. Va. Aug. 12, 2015), appeal dismissed, United States v. Grady, 627 F. App'x 193 (4th Cir. 2015); Grady v. Kreuger, 2019 WL 1255486 (S.D. Ind. Mar. 19, 2019). In December 2020, the Fourth Circuit acknowledged in Young v. Antonelli that Burrage applies retroactively on

5

collateral review.  Young v. Antonelli, 982 F.3d 914 (2020).  Burrage's "but-for" causation standard applies retroactively to § 841(b)(1)(C)'s corresponding provision in U.S.S.G. § 2D1.1(a) if the defendant was sentenced prior to the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) (holding that the Sentencing Guidelines are advisory rather than mandatory).  See id. at 916.

In the instant action, Grady argues again that his sentence enhancement under § 841(b)(1)(C) is unlawful in light of Burrage.  Amend. Pet.  Further, Grady argues that he can now meet the savings clause of § 2255(e) because the Fourth Circuit in Young held that Burrage applies retroactively on collateral review.  Id.; Burrage, 571 U.S. 204; Young, 994 F.3d 914.

In the R&R, the Magistrate Judge recommended that the court dismiss Grady's petition for lack of subject matter jurisdiction.  The Magistrate Judge found that even if Grady were entitled to relief on his claim under Burrage, Grady would have to show that the rule may be applied retroactively.  The resolution of that issue, in turn, is dictated by the type of legal defect Grady raises in his petition.  In light of that analysis, there are two relevant conclusions in the R&R that are later challenged by Warden and Grady and that should therefore receive de novo review.  R&R at 8–13; ECF No. 36; ECF No. 37.  First, Grady's petition is properly considered under Wheeler, not Jones, because Grady seeks to vacate his sentence, not his conviction.  R&R at 8.  Second, Grady did not present evidence or arguments that adequately meet the requirements of Wheeler's first prong: evidence showing settled law precluded Grady's but-for causation argument at sentencing

and on collateral appeal. R&R at 9–13. The court considers each of the Magistrate Judge's conclusions in turn.

### A.     Challenge to Conviction or to Sentence

Generally, a federal prisoner may only seek collateral review of his conviction pursuant to 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333, 344–45 (1974); In re Jones, 226 F.3d 328, 332–33 (4th Cir. 2010); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). To begin, 28 U.S.C. § 2255(a) provides four separate avenues for a federal prisoner to challenge his sentence. See generally United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015) (discussing § 2255(a)). The Supreme Court has held that if the alleged sentencing error is neither constitutional nor jurisdictional, a petitioner must show that the sentence contains "a fundamental defect which inherently results in a complete miscarriage of justice." Davis, 417 U.S. at 346 (1974) (discussed in Foote, 784 F.3d at 936). Moreover, to pursue relief under this statute, a prisoner's petition must be timely under subsection (f). See 28 U.S.C. § 2255(f) (providing various dates from which a one-year limitations period runs).

If a defendant has already exhausted his direct appeals and pursued relief under § 2255, a favorable change in the law might still result in additional review if he can meet other statutory requirements. One of these avenues is to file a second or successive § 2255 petition. The requirements to do so are found in § 2255(h), often referred to as the "gatekeeping provision." If those requirements cannot be met, a defendant may still seek additional review of his sentence through the so-called "savings clause" of § 2255, found at subsection (e):

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not

>be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (providing that if a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas petition for lack of jurisdiction).

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's conviction:

>(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (2000). Similarly, when the petitioner challenges the legality of his sentence, the Fourth Circuit provides the following test:

>(1) [A]t the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). A petitioner's failure to meet the requirements of the savings clause is a jurisdictional defect that may not be waived. Id. at 426.

Warden argues that Grady's claim should be construed as a challenge to his conviction rather than to sentencing and consequently asserts that Jones, not Wheeler, should govern. ECF No. 37 at 2–4. Because the underlying concept at issue is the application of a sentencing enhancement, not a debate over the underlying criminality of the conduct, the appropriate standard is Wheeler, not Jones. See Wheeler, 886 F.3d at 428.

The Magistrate Judge weighed in on this debate, explaining that relief under Jones is only available to a prisoner who claims his conviction is unlawful because he "is incarcerated for conduct that is not criminal." R&R at 8–9 (quoting In re Jones, 226 F.3d at 333). Given that basis, the logical conclusion is that Grady would succeed under Jones if applying Burrage would relieve him of criminal liability. Here, however, even if Grady were entitled to relief on his claim under Burrage, he would still have committed the criminal offense of distributing heroin under 21 U.S.C. § 841(a)(1). Id. at 9. Consequently, "[t]he purported Burrage error affects only the length of his sentence, not the fact of criminality, regardless of whether the Government must prove the elements beyond a reasonable doubt to support the sentence." Id. This is supported by Grady's pleadings—he does not argue that he is incarcerated for conduct no longer deemed criminal, but rather asserts the erroneously applied sentencing enhancement has unlawfully extended his sentence. Id.; In re Jones, 226 F.2d at 334; Wheeler, 886 F.3d at 428 (distinguishing challenges to the "legality of the underlying criminal conviction" examined by Jones and relief for an "illegally extended sentence" under Wheeler).

Consequently, the court agrees with the R&R that any Burrage error affects only the length of Grady's sentence, not the fact of criminality, and therefore Wheeler is the

9

appropriate standard.  Accordingly, the court turns to address the R&R's application of Wheeler and the corresponding arguments.

### B.    Wheeler First Prong

The R&R found that Grady cannot show that his but-for causation claim was foreclosed at the time of his conviction.  R&R at 10.  Construed liberally, Grady makes two arguments against this conclusion: (1) Burrage and Young changed settled law, which implicitly shows but-for causation was not available as an argument under settled law, and (2) "sole-cause," used in early cases, somehow made any argument regarding but-for causation untenable.  ECF No. 36 at 2–4.  Because Grady has not presented any evidence to show he was foreclosed from making the but-for causation argument at the time of his conviction the court adopts the R&R based on Grady's inability to meet the jurisdictional requirements to proceed with his § 2241 petition.  See Wheeler, 886 F.3d at 429.

Grady must meet the requirements of a four-pronged test to have jurisdiction to challenge the legality of his sentence.  Id.  The R&R found that Grady failed to meet the first prong of the test: showing that "settled law" originally established the legality of his sentence, by demonstrating that "at the time of his conviction, binding precedent from the Supreme Court or the circuit of conviction foreclosed the argument he contests entitles him to habeas relief."  R&R at 10 (quoting Marlowe v. Warden, FCI Hazelton, 6 F.4th 562, 569 (4th Cir. 2021)).  Precedent is "binding" if it is a published case from the applicable circuit court of appeals or Supreme Court.  Id. (citing Marlowe, 6 F.4th at 571;

Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc., 807 F.3d 553, 562 n.10 (4th Cir. 2015) ("[A]n unpublished decision is not binding on this Court.").

In other words, Grady must demonstrate that raising his claim in his original proceeding "was or would have been futile" because binding precedent "foreclosed the argument." Marlowe, 6 F.4th at 571. Grady does not meet that burden—he did not demonstrate he was foreclosed from arguing that the government must prove "but-for" causation to satisfy the death results provision of § 841(b)(1)(C) in the original case considered in 2010 or in the subsequent § 2255 and § 2241 petitions filed in 2014, 2017, or 2018. R&R at 11–12.

Importantly, in an opinion published months before Grady's change of plea hearing and sentencing, the Fourth Circuit expressly stated that to establish the death results elements of the sentencing enhancement at issue here, "the Government must show that the victim's use of the heroin received from [the defendant] was a but for cause of [the victim's] death." United States v. Schnippel, 371 F. App'x 418, 419 (4th Cir. 2010) (citing United States v. Hatfield, 591 F.3d 945, 948 (7th Cir. 2010)). As the R&R correctly points out, Schnippel expressly shows that Grady was not foreclosed from making his but-for causation argument as early as 2010, nor would it have been futile for him to have made it at that time. See id. Grady's failure to meet the requirements of the savings clause, specifically the first prong of the Wheeler test, is a jurisdictional defect that may not be waived. Wheeler, 886 F.3d at 426.

In response, Grady argues that recent cases demonstrate that Burrage did change the settled law of this circuit. ECF No. 36. Specifically, Grady points to Young v. Antonelli and Ham v. Breckon to show that Burrage changed the settled law of this

11

circuit. Id.; Young, 982 F.3d 914, 918 (4th Cir. 2020) ("Burrage changed the law as to a statutory [death or serious bodily injury] provision . . ."); Ham v. Breckon, 994 F.3d 682, 694 (4th Cir. 2021) ("Unlike the decisions in Simmons, Chambers, Clay, Bailey, and Burrage, here, we cannot say Mathis changed this circuit's settled law"). Those might be relevant, but only as it relates to the second prong of Wheeler: whether "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review." Wheeler, 886 F.3d at 429. Even liberally construed, it is unclear what evidence Grady has provided to show that the but-for causation argument under Burrage was foreclosed at sentencing, much less his subsequent § 2255 petitions. See ECF No. 36.

Grady's second argument as it relates to Wheeler's first prong deals with the questionable issue of sole-cause versus but-for cause. See ECF No. 36 at 2–4. Grady uses this change in vernacular to attempt to demonstrate that Burrage changed the settled law of the circuit, which, again, is relevant as it relates to Wheeler's second prong. See id. Grady's broader argument appears to be that prior to Burrage, sole-cause was identical to but-for cause in the overdose context, and its usage was rejected by the Fourth Circuit before Burrage, creating a settled law that would have precluded Grady from arguing but-for cause in earlier cases. See id. at 3–4 (citing United States v. Patterson, 38 F.3d 139 (4th Cir. 1994); United States v. Harris, 225 F.3d 656, 2000 WL 1008840, at *1 (4th Cir. 2000) (unpublished table opinion)). But neither Patterson nor Harris explicitly rejected but-for causation in a drug overdose context such that Grady would have been precluded from making this argument in 2010. See Harris 225 F.3d 656 ("the statute does not suggest that heroin must be the sole cause of death or serious bodily

12

injury"); Patterson, 38 F.3d 139, 144 n.6 ("Although the morphine in [Victim's] body was not at a fatal level, the court determined that the morphine could have had an additive effect in combination with the meperidine," which showed "that [Victim's] death resulted from the drugs distributed by [Defendant].").

Rather, courts have consistently rejected the argument that but-for cause and sole cause are identical in an overdose context. See, e.g., United States v. Cathey, 997 F.3d 827, 834 (8th Cir. 2021) ("[T]he drugs [the defendant] distributed did not need to be the sole cause of injury or death; the drugs needed only to be one link in the chain of events necessary for the injury or death to occur."); United States v. Moya, 5 F.4th 1168, 1182 (10th Cir. 2021) (same); United States v. Li, 819 F. App'x 111, 116 n.3 (3d Cir. 2020) (same); United States v. Benjamin, 958 F.3d 1124, 1131–32 (11th Cir. 2020) (same); United States v. Thompson, 945 F.3d 340, 345 (5th Cir. 2019) (same); United States v. Volkman, 797 F.3d 377, 395 (6th Cir. 2015) (same); United States v. Sica, 676 F. App'x 81, 83–84 (2d Cir. 2017) (unpublished) (same). Consequently, Grady has not provided evidence that settled law would have precluded these arguments at the time of his conviction and collateral appeals.

Importantly, § 2255 is "not inadequate or ineffective to test an argument on an unsettled point of law that the prisoner could have asserted in his original criminal

proceeding, on direct appeal, or in his initial Section 2255 motion." Marlowe, 6 F.4th at 572.  Consequently, Grady cannot show that his prior § 2255 petitions were futile.

Since Grady has not met his evidentiary burden for Wheeler's first prong, the court need not consider Grady's arguments under the remaining Wheeler prongs.  In sum, the court dismisses Grady's petition for lack of jurisdiction.

### IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R and **GRANTS** the Warden's motion to dismiss.

**AND IT IS SO ORDERED.**